IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| WADE BRANNIGAN and ANGELINA BRANNIGAN, : : : Plaintiffs, : : v. : : BANK OF AMERICA CORP., : THE ALBERTELLI FIRM, P.C.; : U.S. BANK, N.A.; and JOHN : DOES 1-5, : : Defendants. : | CIVIL ACTION NO. 2:13-CV-00129-RWS |

## ORDER

This case comes before the Court on Defendants Bank of America Corporation and U.S. Bank's Consolidated Motion to Dismiss [3], Bank of America Corporation and U.S. Bank's Motion to Dismiss [7], and Plaintiffs' Motion to Remand to State Court [12].  After reviewing the record, the Court enters the following Order.

### Background

Plaintiffs Wade and Angelina Brannigan initiated this action in Jackson County Superior Court on October 12, 2011, requesting the Court to set aside a foreclosure sale on the grounds of wrongful foreclosure.  (Compl., Dkt. [1-5].)

Plaintiffs purchased real property located at 80 Raintree Court, Jefferson, Georgia ("Property") on July 13, 2007. (Am. Compl., Dkt. [5] ¶ 9.) That same day, Plaintiffs executed a promissory note to obtain a loan from First Franklin Corporation ("First Franklin") in the principal amount of $207,000. (Security Deed, Dkt. [7-2].)[1] Plaintiffs contemporaneously executed a security deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee and grantee for First Franklin. (Am. Compl., Dkt. [5] ¶ 11.) The security deed was then recorded in the Jackson County real property records. (Security Deed, Dkt. [7-2].) On September 15, 2010, Plaintiffs were informed that LaSalle Bank was their new creditor. (Am. Compl., Dkt. [5] ¶ 15.) MERS subsequently assigned the security deed to U.S. Bank, N.A. ("U.S. Bank") on September 28, 2010, and recorded the assignment in Jackson County on October 18, 2010. (Assignment of Security Deed, Dkt. [7-3].) Plaintiff asserts that U.S. Bank, Bank of America Corporation ("BAC"), the Albertelli Firm, and MERS conspired to file "an alleged 'Transfer and Assignment,' whereby MERS purported to transfer, sell, convey and assign to U.S. Bank all of its right, title and interest in and to the Security Deed."

---

[1] The Court may take judicial notice of public records without converting the instant motions into motions for summary judgment. Universal Express, Inc. v. S.E.C., 177 F. App'x 52, 53 (11th Cir. 2006) (stating that "[p]ublic records are among the permissible facts" of which a court may take judicial notice).

(Am. Compl., Dkt. [5] ¶ 16.)  But because Plaintiffs' mortgage loan had already been assigned to LaSalle Bank, Plaintiffs argue, "MERS retained no interest in Plaintiffs['] Security Deed to transfer, and said transfer and assignment is not only fraudulent but a legal nullity."  (Id. ¶ 17.)

After Plaintiffs defaulted on their mortgage, U.S. Bank initiated non-judicial foreclosure proceedings, resulting in a foreclosure sale on October 4, 2011.  (Id. ¶¶ 23, 26.)  Plaintiffs then filed this action in Jackson County Superior Court on October 12, 2011, asserting several state-law claims related to wrongful foreclosure.  Defendants BAC and U.S. Bank initially failed to answer Plaintiffs' Complaint, and on January 6, 2012, the Jackson County Superior Court entered an order of default judgment.  (Pls.' Remand Br., Dkt. [12-1] at 4.)  Defendants later filed a motion to open default and set aside the default judgment, which the Superior Court ultimately granted on March 5, 2013.  (Id. at 4-6.)  Defendants then filed a Consolidated Motion to Dismiss [3] on April 17, 2013, after which Plaintiffs amended their Complaint to include a Fair Credit Reporting Act claim on May 17.  (Dkt. [1-1] at 4.)  The claims against Defendants now include: fraud, intentional misrepresentation, and deceit (Count One); negligent misrepresentation

3

(Count Two); negligence (Count Three); wrongful foreclosure (Count Four); and violations of the Fair Credit Reporting Act (Count Six).[2]

Asserting federal question jurisdiction, Defendants then removed the action to this Court on June 14.  (Dkt. [1-7].)  Defendants filed their new Motion to Dismiss [7] on June 21.  Finally, Plaintiffs filed a Motion to Remand to State Court [12] on July 15.

## Discussion

### I.   Plaintiffs' Motion to Remand

Plaintiffs argue that the Court should remand this case because Defendants have (1) "fail[ed] to obtain the consent of U.S. Bankcorp Investments, Inc. to join removal," and (2) they "waived their removal rights by filing extensive pleadings and motions in the state court, by failing to answer Plaintiffs' state Complaint, and by entry of a default judgment by the state court."  (Pl.'s Remand Br., Dkt. [12-1] at 2-3.)  The Court disagrees for the following reasons.

#### A.   Legal Standard

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts have original jurisdiction, may be removed by the

---

[2] Plaintiffs do not list a "Count Five" in their Amended Complaint [5].

defendant or defendants," while § 1446 describes the removal procedure to invoke federal jurisdiction. Section 1446 requires, among other things, "the defendant seeking removal to file a timely notice of removal stating the grounds for removal with the appropriate federal district court." Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1208 (11th Cir. 2008) (citing 28 U.S.C. § 1446(a)). Furthermore, the "rule of unanimity" requires that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

> B. Analysis
>
> > 1. U.S. Bankcorp's Consent to Removal

First, Defendants argue that U.S. Bankcorp's consent is not required because it is a nominal defendant. A party is nominal when, "in the absence of the defendant, the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants Local 349, et al., 427 F.2d 325, 327 (5th Cir. 1970) (citation omitted).[3] As Defendants point out,

---

[3] In Bonner v. City of Prichard, the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit decided before October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

there are no allegations against or requests for relief from U.S. Bankcorp in the Amended Complaint [5].  As such, the Court can enter a judgment without prejudicing Plaintiffs.  U.S. Bankcorp is thus a nominal party whose consent is not required for removal.

Further, Defendants did not violate the rule of unanimity because § 1446(b)(2)(A) requires consent from "all defendants who have been properly joined *and served*." (emphasis added).  Here, there is no indication that U.S. Bankcorp was served with process.  Therefore, Defendants' removal did not lack unanimity because "[a] defendant has no obligation to participate in any removal procedure prior to his receipt of formal service of judicial process." Bailey, 536 F.3d at 1208.

### 2. Defendants' Waiver of Right to Remove

Once a notice of removal is filed, a plaintiff has thirty days to seek remand "on the basis of any defect other than lack of subject matter jurisdiction." 28 U.S.C. § 1447(c).  "One such defect, commonly referred to as litigating on the merits, effectively waives the defendant's right to remove a state court action to federal court." Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365

F.3d 1244, 1246 (11th Cir. 2004).  In Yusefzadeh, the Eleventh Circuit elaborated on this type of waiver:

> A state court defendant may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court . . . .  [W]aiver will not occur, however, when the defendant's participation in the state action has not been substantial or was dictated by the rules of that court . . . .

Id. (quoting CHARLES A. WRIGHT, ET. AL., 14B FEDERAL PRACTICE & PROCEDURE § 3721 (2003)).  "Whether the state court defendant has waived his right to remove based on 'active participation must be made on a case-by-case basis.' "  Id. (quoting Hill v. State Farm Mutual Auto. Ins. Co., 72 F. Supp. 2d 1353, 1354 (M.D. Fla. 1999)).

Plaintiffs cite Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP and Cogdell v. Wyeth for support.  In each of those cases, the Eleventh Circuit held that "the removing defendant did not waive its right of removal by filing a motion to dismiss the plaintiff's complaint while the case was still pending in state court."  Cogdell, 366 F.3d 1245, 1249 (11th Cir. 2004).  Plaintiffs argue that in those cases the defendants had not taken substantial offensive or defensive actions in state court, whereas here Defendants filed "five separate motions and responses in addition to filing its Motion to Dismiss."  (Pl.'s Remand Br., Dkt. [12-1] at 17.)

7

But these five motions and responses, all related to setting aside default, were filed before Plaintiffs amended their Complaint to add their only federal claim under the Fair Credit Reporting Act. Because the parties are not completely diverse, only at that point could Defendants remove on the basis of federal question jurisdiction. After removal, Defendants filed their Motion to Dismiss [7] in this Court. Accordingly, Defendants took no substantial offensive or defensive measures in state court after the case became eligible for removal and therefore did not waive their right to remove. Accordingly, Plaintiffs' Motion to Remand [12] is **DENIED**.

## II.    Defendants' Motion to Dismiss

As a preliminary matter, Defendants' Motion to Dismiss [3] is **DENIED as moot** because it is superseded by Plaintiffs' Amended Complaint [5] and Defendants' Motion to Dismiss [7].

### A.    Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements

of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

"The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." D.L. Day

v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005); see also Fed. R. Civ. P. 12(d). However, documents attached to a complaint are considered part of the complaint. Fed. R. Civ. P. 10(c). Documents "need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document," provided it is central to the plaintiff's claim. D.L. Day, 400 F.3d at 1276. At the motion to dismiss phase, the Court may also consider "a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Id. (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)). " 'Undisputed' means that the authenticity of the document is not challenged." Id.

    B.    Analysis

The Court agrees with Defendants that Plaintiffs' Amended Complaint [5] fails to state a claim upon which relief can be granted and must be dismissed under Rule 12(b)(6) for the following reasons.

    **1.**    **Wrongful Foreclosure (Count Four)**

Plaintiffs contend that Defendants wrongfully foreclosed on their Property. To state a claim for wrongful foreclosure, a plaintiff must "establish a legal duty

owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Racette v. Bank of Am., N.A., 733 S.E.2d 457, 462 (Ga. Ct. App. 2012). "Where a foreclosing party breaches his statutory duty to exercise the power of sale fairly and in good faith, the debtor may sue for damages for wrongful foreclosure." Id. (citing Calhoun First Nat. Bank v. Dickens, 443 S.E.2d 837, 838 (Ga. 1994)).

First, Plaintiffs challenge the assignment of the security deed from MERS to U.S. Bank as "wholly void, illegal, ineffective and insufficient to transfer any interest to anyone." (Am. Compl., Dkt [5] ¶ 19.) Defendants argue that Plaintiffs lack standing to challenge the validity of the assignment. The Court agrees. A person who is not a party to a contract or an intended third-party beneficiary of a contract lacks standing to challenge or enforce the contract. See O.C.G.A. § 9-2-20(a) (stating that "an action on a contract . . . shall be brought in the name of the party in whom the legal interest in the contract is vested, and against the party who made it in person or by agent"); Joseph v. Fed. Home Loan Mortg. Corp., No. 1:12-CV-1022-RWS, 2012 WL 5429639, at *2 (N.D. Ga. Nov. 6, 2012) (finding plaintiff could not support claim for wrongful foreclosure by challenging assignment of the security deed because she was not a party to the contract and

lacked standing to challenge validity of the assignment). Here, Plaintiffs may not challenge the assignment's validity because they were not parties to the assignment or intended third-party beneficiaries.

Next, Plaintiffs argue that the assignment from MERS to U.S. Bank was invalid because after the mortgage loan was assigned to LaSalle Bank, "MERS retained no interest in Plaintiffs['] Security Deed to transfer." (Am. Compl., Dkt. [5] ¶ 17.) In You v. JP Morgan Chase Bank, N.A., the Georgia Supreme Court recently held that the "[h]older of a deed to secure debt is authorized to exercise the power of sale in accordance with terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed." 743 S.E.2d 428, 433 (Ga. 2013); see also Montgomery v. Bank of Am., 740 S.E.2d 434, 437 (Ga. Ct. App. 2013) (holding that the security deed gave nominee the right to invoke the power of sale and further authorized the nominee to assign its rights and interests in the deed).

Plaintiffs executed a security deed listing MERS as grantee and nominee for the lender and its successors and assigns. By the terms of the security deed, MERS could transfer and assign the deed, along with the power of sale, to another party, and did so by transferring it to U.S. Bank. (See Security Deed, Dkt. [7-2] at 4

("Borrower does hereby grant and convey to MERS . . . and to the successors and *assigns of MERS, with power of sale*, the following described property . . . ." (emphasis added)).) Under Georgia law, the security deed assignee "may exercise any power therein contained," including the power of sale in accordance with the terms of the deed. O.C.G.A. § 23-2-114. Therefore, even if Plaintiffs had standing to challenge the assignment, by the terms in the security deed U.S. Bank was within its authority to foreclose after Plaintiffs' default.

Finally, Plaintiffs claim that Defendant Albertelli Firm's notice of default was inadequate because it "failed to properly identify the secured creditor, note holder and loan servicer." (Am. Compl., Dkt. [5] ¶¶ 23-24). The Georgia Supreme Court in You explained that O.C.G.A. § 44-14-162.2(a) "requires only that the notice identify 'the individual or entity [with] full authority to negotiate, amend, and modify all terms of the mortgage with the debtor.'" 743 S.E.2d at 429 (quoting O.C.G.A. § 44-14-162.2(a)). Plaintiffs were directed to contact BAC if they "desire[d] to attempt to bring [their] loan current." (Foreclosure Notice, Dkt. [1-5] at 25.) The notice further instructed, "If the lender can be persuaded to allow reinstatement, they will provide you with a letter that will contain the total amount you must pay in order to stop the foreclosure." (Id.) The foreclosure notice also

included BAC's contact information. (Id.) Defendants thus complied with Georgia's notice requirements. Therefore, Plaintiff cannot state a claim for wrongful foreclosure.

### 2. Negligent Misrepresentation (Count Two)

Plaintiffs argue that Defendants misrepresented that they were entitled to foreclose, "which Defendants knew, or were negligent in not knowing at the time, to be false, misleading and incorrect." (Am. Compl., Dkt. [5] ¶ 38.) Plaintiffs allege that they reasonably relied to their detriment on Defendants' misrepresentations. (Id. ¶ 40-41.) Moreover, "[s]uch information was known to Defendants but not known or readily available to Plaintiff." (Id. ¶ 40.) Plaintiffs allege no other misrepresentations.

"The essential elements of negligent misrepresentation are '(1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance.' " Marquis Towers, Inc. v. Highland Grp., 593 S.E.2d 903, 906 (Ga. Ct. App. 2004) (quoting Hardaway Co. v. Parsons, Brinckerhoff, Quade & Douglas, Inc., 479 S.E.2d 727, 729 (Ga. 1997)). Plaintiffs, however, cannot show that Defendants' statements

were false because, as discussed above, Defendants were in fact entitled to foreclose.

### 3. Negligence (Count Three)

Plaintiffs also allege that Defendants were negligent in foreclosing after Plaintiffs failed to pay Defendants "amounts not actually owed to it" because they "were not the proper creditor on Plaintiffs['] mortgage loan." (Am. Compl., Dkt. [5] ¶ 46.) They further allege that Defendants canceled their homeowners insurance and negligently reported to the IRS that Defendants had forgiven a debt that was not owed to them. (Id.) Plaintiffs' negligence claim, though, cannot stand as an independent claim because "[a]bsent a legal duty beyond the contract, no action in tort may lie upon an alleged breach of [a] contractual duty." Fielbon Dev. Co., LLC v. Colony Bank of Houston Cnty., 660 S.E.2d 801, 808 (Ga. Ct. App. 2008) (alterations in original) (quoting Wallace v. State Farm Fire & Cas. Co., 539 S.E.2d 509, 512 (Ga. Ct. App. 2000)) (internal quotation marks omitted). Under Georgia law, a tort claim requires an "unlawful violation of a private legal right other than a mere breach of contract, express or implied." O.C.G.A. § 51-1-1. The duties, if any, that Defendants allegedly breached arose from contract and are not actionable in tort. Therefore, Plaintiffs' negligence claim is due to be dismissed.

### 4. Fraud, Intentional Misrepresentation, and Deceit (Count One)

Plaintiffs' claim for Fraud, Intentional Misrepresentation, and Deceit must also be dismissed because Plaintiffs failed to sufficiently plead the facts and essential elements to establish fraud under Georgia law. The tort of fraud requires: "(1) a false representation or omission of material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages." Lehman v. Keller, 677 S.E.2d 415, 417-18 (Ga. Ct. App. 2009) (quoting Meyer v. Waite, 606 S.E.2d 16, 20 (Ga. Ct. App. 2004)). Allegations of fraud must meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b), which requires a plaintiff to set forth the precise statements made, who made the statements, when and where the statements were made, the content of the statements and how they misled the plaintiff, and how the defendant benefitted from the alleged fraud. Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997). Plaintiffs' Amended Complaint [5] labels Defendants' representations about their right to foreclose as fraud, but the Court has determined that the representations at issue were true.

Plaintiffs have not alleged any other facts sufficient to support their fraud claim under Rule 9.  Plaintiffs are thus unable to state a claim for fraud.

### 5. Violation of the Fair Credit Reporting Act Claim (Count Six)

Plaintiffs assert a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., alleging that Defendants "fraudulently reported false, negative information on Plaintiffs['] credit report." ([1-1] ¶ 52). Under 15 U.S.C. § 1681s-2(a), the FCRA requires furnishers of information to submit accurate information to consumer reporting agencies and to correct any known inaccurate information given to them, while 15 U.S.C. § 1681s-2(b) requires furnishers of information to investigate and promptly report their results to a consumer reporting agency after receiving notice of a dispute regarding such information. The statute creates a private cause of action for violations of § 1681s-2(b), but there is no private right of action to redress a violation of § 1681s-2(a).  Green v. RBS Nat'l Bank, 288 F. App'x 641, 642 (11th Cir. 2008) (per curiam).  The FCRA leaves enforcement of this subsection to government agencies and officials. 15 U.S.C. § 1681s-2(c)(1), (d); accord Chipka v. Bank of Am., 355 F. App'x 380, 383 (11th Cir. 2009) (per curiam).  Plaintiffs' allegations only relate to § 1681s-2(a).

Because there is no private cause of action under the FCRA based on their allegations, this claim is dismissed.

    C.    <u>Leave to Amend</u>

Finally, in their Response Plaintiffs request leave to amend their Amended Complaint if the Court grants Defendants' Motion to Dismiss [7]. (Pls.' Resp., Dkt. [13] at 19.) Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend a pleading once as a matter of right within twenty-one days after service of the pleading, or, if the pleading requires a response, within twenty-one days after service of a responsive pleading or motion filed under Rule 12(b), (e), or (f). Otherwise, under Rule 15(a)(2), the party must seek leave of court or the written consent of the opposing parties to amend. Rule 15(a)(2) directs the Court, however, to "freely give leave when justice so requires." Despite this instruction, however, leave to amend is "by no means automatic." <u>Layfield v. Bill Heard Chevrolet Co.</u>, 607 F.2d 1097, 1099 (5th Cir. 1979). The trial court has "extensive discretion" in deciding whether to grant leave to amend. <u>Campbell v. Emory Clinic</u>, 166 F.3d 1157, 1162 (11th Cir.1999). A trial court may choose not to allow a party to amend "when the amendment would prejudice the defendant, follows undue delays or is futile." <u>Id.</u> A claim is futile if it cannot withstand a motion to

dismiss. Fla. Power & Light Co. v. Allis Chalmers Corp., 85 F.3d 1514, 1520 (11th Cir.1996); see Burger King Corp. v. Weaver, 169 F.3d 1310, 1315 (11th Cir.1999) (futility is another way of saying "inadequacy as a matter of law"). That is, leave to amend will be denied "if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim." Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 (11th Cir. 2008).

While Plaintiffs did not attach a proposed Second Amended Complaint to their Response, "failing to do so is not a basis for denying leave to amend." Id. at 1255 n.4. It is still necessary, though, for the request to "set forth the substance of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999). In their Response [13], Plaintiffs summarily state that they have established the essential elements of all their claims, but that they should be permitted to amend if the Court rejects their claims. (Dkt. [13] at 17-19.) However, Plaintiffs have not identified the substance of any proposed amendments. As such, the Court finds that amendment would be futile because Plaintiffs fail to correct the deficiencies of their Amended Complaint. See Patel v. Ga. Dep't BHDD, 485 F. App'x 982, 983 (11th Cir. 2012) (affirming denial of leave to amend when the plaintiff's motion "provided no reason for the district court to believe that he could offer sufficient

allegations to make a claim for relief plausible on its face"). Because Plaintiffs fail to state a claim and because amendment would be futile, Defendants' Motion to Dismiss [7] is **GRANTED**.

## Conclusion

In accordance with the foregoing, Defendants BAC and U.S. Bank's Motion to Dismiss [3] is **DENIED as moot**, Defendants BAC and U.S. Bank's Motion to Dismiss [7] is **GRANTED**, and Plaintiffs' Motion to Remand [12] is **DENIED**.

There is no indication in the record that the Albertelli Firm, P.C. has ever been served in this action. Therefore, the Albertelli Firm, P.C. is hereby **DISMISSED** from this action pursuant to Federal Rule of Civil Procedure 4(m). Also, Plaintiff have not identified any of the John Doe Defendants. Therefore, the John Doe Defendants are **DISMISSED** from this action. The Clerk shall close the case.

**SO ORDERED**, this  12th  day of December, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE